IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

JOSEPHINE C. BARELA,

Plaintiff,

v.

TOWN OF CENTER,

Defendant.

---

**COMPLAINT**

---

## I. JURISDICTION AND VENUE

1. This action is authorized and instituted pursuant to Section 107(a) of the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference the powers, remedies, and procedures set forth in Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1071, 42 U.S.C. §§ 2000e to 2000e-17 and 42 U.S.C. § 1981A.

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1337, and 1343.

3. Venue is proper because the employment practices hereafter alleged to be unlawful were and are now being committed in the district of Colorado.

## II. PARTIES

4. Plaintiff Josephine C. Barela is and was, at all times relevant hereto, a resident the State of Colorado, and was at all times relevant to this Complaint an employee of Defendant Town of Center.

5. Plaintiff is a qualified person with a disability as defined by the ADA.

6. At all times relevant to this Complaint, Defendant Town of Center has operated in the State of Colorado, with its principal place of business at 294 Worth, Center, Colorado 81125.

7. At all times relevant hereto, Defendant Town of Center has continuously had and does now have more than fifteen employees.

8. At all times relevant hereto, Defendant Town of Center has continuously engaged in an industry affecting commerce within the meaning the Civil Rights Act.

9. At all times relevant hereto, Defendant Town of Center has been a legal entity capable of being sued pursuant to Colo. Rev. Stat. § 31-15-101.

10. At all times relevant hereto, Defendant Town of Center has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## III. STATEMENT OF CLAIMS

### A. General Allegations

11. Plaintiff incorporates here all previous allegations of her Complaint.

12. Plaintiff is a qualified individual with a disability because she is an individual with a disability who, with or without reasonable accommodation, could perform the essential functions of the employment positions she held or desired with Defendant.

13. At all times relevant to this Complaint, Plaintiff has suffered from musculoskeletal impairments, including, but not limited to, a herniated disk in her lumbar spine, cervical spondylosis, and carpal tunnel syndrome, and from depression.

14. These and other and related impairments, which were known to Defendant, substantially affect many of Plaintiff's major life activities, including, but not limited to, sitting, standing, walking, running, sleeping, lifting, cognitive and emotional functioning, and working.

15. At all times relevant to this Complaint, Defendant regarded Plaintiff as having a disability.

16. At all times relevant to this Complaint, Plaintiff had a record of a disability.

17. Plaintiff began working for Defendant in February, 1987, when she accepted a secretarial position. She satisfactorily performed the jobs she held with Defendant over the years.

18. Plaintiff experienced work-related health problems from early in her employment with Defendant.

19. Throughout Plaintiff's employment, Defendant expressed hostility about her disability and her requests for accommodation.

20. Plaintiff ultimately retained counsel to assist with asserting her rights under the Americans with Disabilities Act.

21. After that time, Defendant agreed to certain accommodations for Plaintiff, but violated its agreement to accommodate until 2003, when Plaintiff again asserted her legal rights and obtained some accommodation.

22. After Plaintiff insisted upon accommodation, Defendant's board members expressly questioned her about whether her disability would prevent her from performing a job for which she applied.

23. Plaintiff continued to assert her legal rights under the ADA.

24. In October, 2004, Plaintiff and her family moved to Alamosa. They continued to own their home in the Town of Center. Plaintiff's husband also continued to maintain a business in the Town of Center.

25. In December, 2004, Plaintiff was informed that she had ninety days to move within Defendant's town limits or she would be fired.

26. At that time, there was no policy requiring that a Center employee in Plaintiff's position live within Defendant's town limits, and there had not been a residency requirement in her job announcement or job description.

27. Defendant adopted a new residency policy, supposedly to apply to all of Defendant's employees, in January, 2005.

28. In February, 2005, Plaintiff applied for the position of Town Clerk. She was well-qualified for the job and was in fact already performing many of the job duties.

29. Defendant's board member told Plaintiff she was not considered for the job because she did not live within town limits.

30. Defendant hired a non-disabled male to fill this position.

31. Upon information and belief, the non-disable male hired for this position lived outside of Defendant's town limits during times relevant to this lawsuit.

32. Defendant did not follow its own hiring policies and procedures, which would have favored hiring Plaintiff, with respect to the Town Clerk position.

33. On April 8, 2005, Plaintiff was terminated. The reason stated by Defendant for her termination was that she did not live within Defendant's town limits.

34. Upon information and belief, Plaintiff's job duties were assumed by non-disabled individuals, including the non-disabled male who was hired as Town Clerk.

35. Defendant allowed other, non-disabled, employees who were covered by Defendant's residency policies to live outside of Defendant's town limits.

36. Upon information and belief, after Plaintiff was terminated, Defendant amended its residency policy so that individuals living outside of Defendant's town limits could apply for positions with Defendant.

37. Plaintiff's disability and retaliation against her for her assertion of ADA rights were determining factors in Defendant's failure to hire Plaintiff for the Town Clerk position and its termination of Plaintiff.

38. As a result of Defendant's actions, Plaintiff has suffered injuries, damages, and losses, including, but not limited to, the following: loss of earnings from the Town Clerk position; the wrongful termination of her employment; loss of past and future earnings, other forms of compensation, and benefits; other economic losses including, but not

limited to, costs incurred in training for and seeking other employment; emotional distress; pain and suffering; inconvenience; loss of enjoyment of life; depression; anxiety; other non-economic losses; and costs and attorneys fees.

**B. Americans With Disabilities Act**

39. Plaintiff incorporates here all previous allegations of her Complaint.

40. More than 180 days prior to the institution of this lawsuit, Plaintiff filed a Charge of Discrimination simultaneously with the Colorado Civil Rights Division ("CCRD") and the Equal Employment Opportunity Commission ("EEOC") alleging violations of Title I of the ADA by Defendant. Plaintiff has received a Notice of Right to Sue from the EEOC, and timely filed this action within 90 days of the mailing of the Notice. Plaintiff has complied with all administrative requirements for maintaining this action.

41. Defendants have engaged in a continuing course of unlawful employment practices in violation of the ADA Sections 102 and 503, 42 U.S.C. §§ 12112 and 12203, which prohibit, among other things, limiting, segregating, or classifying an employee in a way that adversely affects the opportunities or status of such employee because of the disability of such employee; discrimination against Plaintiff, a qualified individual with a disability, because of her disability, in regard to the advancement and discharge of Plaintiff; utilizing standards, criteria, or methods of administration that have the effect of discrimination on the basis of disability; denying employment opportunities to Plaintiff, an employee who is an otherwise qualified individual with a disability, when such denial is based on the need for Defendant to make reasonable accommodation to the physical

impairments of the Plaintiff; and using qualification standards or other selection criteria that screen out or tend to screen out an individual with disability.

42. Defendants' discriminatory conduct directed at Plaintiff on the basis of disability created an intimidating, hostile, and abusive environment for Plaintiff on the basis of disability.

43. Defendant treated Plaintiff differently from, and less favorably than, non-disabled employees with respect to its residency policies.

44. The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

45. Defendant's reasons for not placing Plaintiff in the position of Town Clerk and for terminating her were pretextual.

46. The unlawful employment practices complained of above were and are intentional, and were and are engaged in by Defendant with reckless indifference to the federally protected rights of Plaintiff.

WHEREFORE, the Plaintiff respectfully prays that this Court grant the following relief:

A. A permanent injunction enjoining Defendant, its management personnel, employees, agents successors, assigns, and all other persons in active concert or participation with Defendant, from engaging in any employment practice which discriminates on the basis of disability;

B. An Order requiring Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities to qualified individuals with disabilities and which eradicate the effects of past and present unlawful employment practices;

C. An Order Requiring Defendant to make whole Plaintiff by providing her with appropriate lost earnings, benefits, and other economic losses, with pre-judgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to reinstatement of Plaintiff to the position held at the time of her discharge;

D. An Order requiring Defendant to make whole Plaintiff by providing compensation for pecuniary losses, including but not limited to costs of training for and seeking new employment, in amounts to be determined at trial;

E. An Order requiring Defendant to make whole Plaintiff by providing compensation for non-pecuniary losses, including emotional pain, suffering, inconvenience and mental anguish in amounts to be proven at trial;

F. Costs and attorneys' fees incurred in this action;

G. Pre-and-post-judgment interest as provided by law; and

H. Such other and further relief as the Court deems necessary and proper.

**JURY TRIAL DEMAND**

The Plaintiff hereby requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted,

s/ Laurie Scott Paddock
Laurie Scott Paddock
1756 Gilpin Street
Denver, CO 80218
Telephone: (303) 863-0071
Fax: 303-394-4126
e-mail: lauriepaddock@earthlink.net

**ATTORNEY FOR PLAINTIFF**

**PLAINTIFF'S ADDRESS**:

Josephine C. Barela
72 El Camino Drive
Alamosa, CO 81101
e-mail: barelajc@adams.edu